```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LEONEL URZUA,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN JORDAN HOLLINGSWORTH,<br><br>        Respondent | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-6204 (JBS)<br><br>**OPINION** |

APPEARANCES:

Leonel Urzua, Petitioner Pro Se
# 65729-03
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Kristin Lynn Vassallo, Esq.
Office of the U.S. Attorney
970 Broad Street
Newark, New Jersey 07102

**SIMANDLE, Chief Judge:**

    1.   Petitioner is a convicted and sentenced federal prisoner formerly incarcerated at FCI Fort Dix, New Jersey. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the loss of good time credits as the result of a disciplinary violation. Respondent filed an answer on March 23, 2015.

2.     On May 17, 2016, Respondent informed the Court that Petitioner had been released from custody on August 11, 2015. Letter, Docket Entry 10.

3.     Petitioner has not contacted the Court since December 3, 2014. Letter from Petitioner, Docket Entry 3.

4.     The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "'[T]hroughout the litigation,' the party seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

5.     "Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself. Thus, once [Petitioner] served the entire term

2

of imprisonment and was released upon its completion, his good time credits ceased to have any effect." *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) (citing 28 C.F.R. § 2.35(b); 28 C.F.R. § 523.2(c)).

    6.   The Court can grant no further relief to Petitioner, therefore his petition is dismissed as moot.

    7.   An appropriate order follows.

 

**May 20, 2016**                                      **s/ Jerome B. Simandle**  
Date                                                    JEROME B. SIMANDLE  
                                                          Chief U.S. District Judge